UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) Magistrate No. 16-07198-JCB | |
| | ) | |
| CURTIS SIMONEAU, | ) | |
| Defendant. | ) | |

## GOVERNMENT'S ASSENTED TO MOTION FOR PROTECTIVE ORDER PURSUANT TO 18 U.S.C. § 3509

The United States of America hereby seeks a protective order pursuant to 18 U.S.C. § 3509(d)(3), prohibiting the public disclosure of the alleged minor victims' (and other potential minor victims) names and any other private information concerning said minor children in the course of the proceedings in the above named case.   Additionally, pursuant to 18 U.S.C. § 3509(d) (3) (B) (ii), in order to provide a measure that may be necessary to protect the privacy of the minor children, the government also requests that counsel for the defendant be prohibited from disseminating, duplicating or disclosing any and all oral and visual electronic recordings of any of the minor children, to anyone outside of the defendant and the "defense team" as outlined herein without prior approval from the court.[1]

Title 18 United States Code, Section 3509, the Child Victim Rights Act, provides the following with regard to protection of the confidentiality of child witnesses and victims:

> On motion by any person the court may issue an order protecting a child from public disclosure of the name of or any other information concerning the child in the course of the proceedings, if the court determines that there is a significant possibility that such disclosure would be detrimental to the child.

18 U.S.C. § 3509(d)(3)(A).

---

1 "Defense team" shall include counsel for the defendant, legal assistants, paralegals, investigators or individuals hired specifically to assist in the preparation or trial of the case.

Title 18, United States Code, Section 3509(d)(4), further provides that:

> Disclosure of information – This subsection does not prohibit disclosure of the name of or other information concerning a child to the defendant, the attorney for the defendant, a multidisciplinary child abuse team, a guardian ad litem, or an adult attendant, or to anyone to whom, in the opinion of the court, disclosure is necessary to the welfare and well-being of the child.

On August 4, 2016, the Honorable Court issued a criminal complaint charging the defendant, Curtis Simoneau, with possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), and sexual exploitation of children and attempted sexual exploitation of children, in violation of 18 U.S.C. § 2251(a).   The defendant has not yet been indicted and the parties have entered into plea negotiations.   In order to facilitate negotiations, the government has agreed to provide discovery to the defendant, if the defendant agrees to the provisions of the proposed Protective Order.   The discovery materials identify at least two alleged child-victims of the defendant.

There is a significant possibility that identifying any of these children or the information disclosed by these children, would be detrimental to those children as would disseminating, disclosing or distributing any of that personal information including forensic interviews.   The disclosure of the identities of the minor children in this case could result in extreme mental or emotional distress and could seriously affect the reputation of these minor children.   Based on the above, the government hereby moves for a protective order requiring that the child victims be referred to only as "minor victim," or "victim," in all pleadings and in court during any hearings of this matter. The government also moves for a protective order requiring that other minor victims referenced herein be referenced in a similar manner.   Distinctions between the minor-victims may

be achieved by designating each minor-victim with a letter (i.e. "Victim A). Further, the government requests that any personal identifying information pertaining to minor children, including but not limited to, names, full date of birth, address, school information, email addresses/screen names, phone numbers, Teenspot.com profile/on-line profile, and information pertaining to same, be protected from public disclosure during the course of all proceedings in this matter.[2]

Based on the above, the government hereby moves for a protective order requiring that defendant be prohibited from copying, distributing or disseminating any materials relating to minor children.

The measures the Government seeks pass constitutional muster.  In United States v. Broussard, 767 F.Supp. 1545, 1546-48 (D. Or. 1991), the court upheld the redaction of child-identifying information from documents made part of the public record in a criminal case.  The court specifically rejected the defendant's argument that redaction of documents affected his First or Sixth Amendments right to a public trial.  Id.  Moreover, in United States v. Anderson, 139 F.3d 291, 301-302 (1st Cir. 1998), cert. den. sub. nom. Coutermarsh v. United States , 525 U.S. 866 (1998) the First Circuit upheld a district court's order prohibiting the disclosure of the last names of two juvenile witnesses at trial.  The defendants were charged, in part, with transporting the juveniles from Massachusetts to New Jersey for purposes of prostitution, in violation of 18 U.S.C. § 2423(a).  Relying on 18 U.S.C. § 3509(d)(3), the district court "ordered that, in order to protect their identity, the last names of the juvenile witnesses not be disclosed during the trial." Anderson, 139 F.3d at 302.  This restriction serves a compelling interest in "safeguarding the

---

[2] The government reserves the right to file a supplemental motion at a later time relative to whether the minor victim's name or any of the other alleged minor victims' names should be referenced by actual name at trial.

psychological well-being of a minor". <u>Globe Newspaper Co. v. Superior Court for Norfolk County</u>, 457 U.S. 596, 604-605 (1982); <u>Broussard</u>, 767 F. Supp. at 1546.   The nature of the disclosure by Minor A as well as Minor A's age, and the disclosure and ages of the other alleged minor victims warrant protection of the identities of the minor children.   Further, unlike the facts in <u>Globe Newspaper Co</u>., the name of "Minor A" has been kept confidential in all pleadings filed to date this case.

The Government further requests this Court issue a protective order that any materials pertaining to any minor victim, including personal information as well as oral or visual electronic recordings of that child/children, that will be provided to defense counsel be subject to the following conditions:

(1) No oral or visual electronic recordings of minor victims in this case, conducted by authorities in this case, or any written transcript of any such audio and video recorded interview, including contents of that interview, shall, at any time and under any circumstances, leave the care and custody of the defense team in the above entitled case, and shall not be disclosed, disseminated or displayed to any person except the defense team and retained experts in the above entitled case, without prior order of the Court;

(2) The minor victims shall be referred to only as "minor victim," or "victim," in all pleadings and in court during any hearings in this matter; and the other uncharged minor victims shall be referred to in a similar manner (i.e., "Minor A," "Minor B,", etc., "minor victim" or "victim");

(3) The materials provided in automatic discovery shall not be duplicated disclosed, disseminated or displayed to any person except the defense team and retained experts

without the written permission of the Court;

(4) If for any reason defense counsel of record withdraws from this case, any and all oral or visual electronic recording(s) pertaining to the minor victim or any written transcript or contents of such oral or visual electronic recording(s) and any other materials relative to the minor children, shall be returned to the United States Attorney's Office within 3 days of withdrawal from the case; and

(5) The oral and visual electronic recordings, and contents of any such oral or visual electronic recordings which may be provided to counsel for the defendant during discovery shall be returned to the United States Attorney's Office within 10 days of disposition of the case or resolution of appeal in the above entitled matter.

(6) Counsel for the defendant be precluded from copying, distributing or disseminating any personal identifying information pertaining to minor children outlined herein, including but not limited to, names, full date of birth, address, school information, email addresses/screen names, phone numbers, and information pertaining to same, not be disclosed, to anyone not involved in the defense of this case as outlined above.

Pursuant to Local Rule 7.1, counsel certifies that he consulted with counsel for defendant

relative to this motion.    Counsel for the defendant assents to this motion.

Based on the foregoing, the government requests the Court grant the motion for a protective

order.

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

By:    /s/ David G. Tobin
DAVID G. TOBIN
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent
electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ David G. Tobin

David G. Tobin

Date:    September 27, 2015